M. LOUISE ATTERBURY, Respondent, *v.* WILLIAM BUTLER McGLINN and Others, Copartners, Trading as McGLINN & Co., Appellants.

First Department, December 8, 1933.

*William F. Unger* of counsel [*Milton Pollack* with him on the brief; *Gilman & Unger*, attorneys], for the appellants.

*Irving Barry* and *John Wilson Hood* of counsel [*Abraham J. Halprin*, attorney], for the respondent.

O'MALLEY, J.   The judgment appealed from is predicated upon alleged unauthorized purchases made by the defendants, a firm of stockbrokers, for plaintiff's account.   The sole issue presented was whether the purchases were authorized by the plaintiff.   We are of opinion that the weight of the credible evidence upon this issue was overwhelmingly with the defendants and that the verdict in plaintiff's favor must be set aside.

Plaintiff's claim that the purchases were unauthorized has only her uncorroborated testimony to support it.   The defendants' claim that the purchases were authorized has the support of two witnesses and an abundance of documentary evidence.

Of the fifteen purchases made in the summer of 1928, while plaintiff was in Europe, nine showed profits, and five losses.   All the transactions showed a net profit of $2,245.07.   Plaintiff on her return accepted a check for this amount.   Moreover, these transactions were entered in the plaintiff's own records in her own handwriting under the heading: " McGlinn transactions while I was in Europe 1928."

It appears also that the plaintiff kept a complete record in her own handwriting of the alleged unauthorized purchases made between September, 1928, and July, 1929.   At no time did she ever protest in writing with respect to any of these transactions.   She received regularly and retained without objection notice of purchases and the monthly statements sent by the defendants.   Likewise, she approved in writing the statements of her account sent to her by the auditors of the defendants' books.   In the face of this evidence, it is impossible to believe the plaintiff's testimony that she ever protested verbally to the defendants with respect to these purchases.   So far as this record discloses she made profits in excess of $50,000 in her accounts with the defendants.   In her action she sought, and has succeeded, in taking advantage of the purchases which resulted in profits, disclaiming only those which resulted in losses.

It is not necessary to review the evidence relating to the alleged unauthorized arbitrage transaction in Wickwire Spencer Steel bonds.   The weight of the credible evidence established that the

plaintiff had full knowledge of the nature of the transaction and that she clearly authorized it. There were five similar prior transactions in which plaintiff participated, all of which were recorded in plaintiff's records in her own handwriting.

It follows that the judgment should be reversed and a new trial ordered, with costs to the appellants to abide the event.

FINCH, P. J., MERRELL, MARTIN and UNTERMYER, JJ., concur.

Judgment reversed and a new trial ordered, with costs to the appellants to abide the event.