ANDREW P. KOESZEGI, INC., Appellant, *v.* ROBERT E. KIZER and Another, Respondents.

PER CURIAM. The testimony offered by the plaintiff tended to show that the Van Fleet order of November 19, 1929, procured through a party other than the defendant Sara J. Kizer, was improperly excluded.

The judgment so far as appealed from should, therefore, be reversed and a new trial granted, with costs to the appellant to abide the event, unless the defendants stipulate to reduce the judgment as entered by the sum of $588.30, in which event the judgment as so modified is affirmed, without costs.

Present — Martin, P. J., Merrell, McAvoy, O'Malley and Untermyer, JJ.

Judgment so far as appealed from reversed and a new trial ordered, with costs to the appellant to abide the event, unless the defendants stipulate to reduce the judgment as entered by the sum of $588.30, in which event the judgment as so modified is affirmed, without costs. Settle order on notice.

M. LOUISE ATTERBURY, Respondent, *v.* WILLIAM BUTLER McGLINN and Others, Copartners, Trading as McGLINN & Co., Appellants. (Action No. 2.)

PER CURIAM. The finding that the parties made the alleged oral agreements of October 29, 1929, and October 30, 1929, relied upon by the plaintiff in avoidance of her written agreement signed by her and not alleged to have been induced by fraud or misrepresentation, is in our opinion against the weight of the credible evidence. The present case, relating to unauthorized " sales," is no stronger than the prior action, predicated upon alleged unauthorized " purchases," in which we likewise reversed a verdict in favor of the plaintiff upon the same ground. (*Atterbury* v. *McGlinn*, 239 App. Div. 478.)

It follows, therefore, that the judgment should be reversed, and a new trial granted, with costs to the appellants to abide the event.

Present — Martin, P. J., McAvoy, O'Malley, Townley and Glennon, JJ.

Judgment reversed and a new trial ordered, with costs to the appellants to abide the event.